ALK:IC/RSB
F. #2018R02187

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   FEBRUARY 21, 2024   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

 - against -

IOAN-ANTON GHERASIM, also known as "Ryan Anthony,"
ELVIS DAN ATOMEI,
DAN ADRIAN AGAFITEI, also known as "Federico Cousa," "Luciano Manzatti" and "Coval Tiago,"
BOBI BORCEA, also known as "Bobi Agafitei,"



RAZVAN VICOL, also known as "Razvan Neagu," "Geoffrey Pasek" and "Ruben Robles de la Torre," and

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. __24-CR-78__
(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1029(a)(1), 1029(a)(4), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Dora Lizette Irizarry
Magistrate Judge Peggy Kuo

THE GRAND JURY CHARGES:

## COUNT ONE
(Access Device Fraud)

1. On or about and between ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ together with others, did knowingly and with intent to defraud have control and custody of and possess device-making equipment.

(Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TWO
(Access Device Fraud)

2. On or about and between ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ together with others, did knowingly and with intent to defraud have control and custody of and possess device-making equipment.

(Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT THREE
(Access Device Fraud)

3. On or about July 3, 2022, within the Eastern District of New York and elsewhere, the defendant ELVIS DAN ATOMEI, together with others, did knowingly and with intent to defraud have control and custody of and possess device-making equipment.

(Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOUR
(Access Device Fraud)

4. On or about ████, within the Eastern District of New York and elsewhere, the defendants ████████████████ ████ together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FIVE
(Aggravated Identity Theft)

5. On or about ████, within the Eastern District of New York and elsewhere, the defendants ████████████████ ████ together with others, during and in relation to the crime charged in Count Four, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers issued in the names of other persons whose identities are known to the Grand Jury, knowing that such means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT SIX
(Access Device Fraud)

6. On or about and between July 4, 2022 and July 6, 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ELVIS DAN ATOMEI ▮▮▮▮▮ together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT SEVEN
(Aggravated Identity Theft)

7. On or about and between July 4, 2022 and July 6, 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELVIS DAN ATOMEI ▮▮▮▮▮ together with others, during and in relation to the crime charged in Count Six, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers issued in the names of other persons whose identities are known to the Grand Jury, knowing that such means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT EIGHT
(Access Device Fraud)

8. On or about ▮▮▮▮▮, within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮▮ ▮▮▮▮▮ together with others,

did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT NINE
(Access Device Fraud)

9. On or about July 13, 2022, within the Eastern District of New York and elsewhere, the defendants DAN ADRIAN AGAFITEI, also known as "Federico Cousa," "Luciano Manzatti" and "Coval Tiago," and ▮▮▮▮, together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT TEN
(Access Device Fraud)

10. On or about ▮▮▮▮ within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮ ▮▮▮▮ together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT ELEVEN
(Aggravated Identity Theft)

11. On or about ▇▇▇▇, within the Eastern District of New York and elsewhere, the defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ together with others, during and in relation to the crime charged in Count Ten, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers issued in the names of other persons whose identities are known to the Grand Jury, knowing that such means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT TWELVE
(Access Device Fraud)

12. On or about September 28, 2022, within the Eastern District of New York and elsewhere, the defendants BOBI BORCEA, also known as "Bobi Agafitei," ▇▇▇▇ ▇▇▇▇ and RAZVAN VICOL, also known as "Razvan Neagu," "Geoffrey Pasek" and "Ruben Robles de la Torre," together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Aggravated Identity Theft)

13. On or about September 28, 2022, within the Eastern District of New York and elsewhere, the defendants BOBI BORCEA, also known as "Bobi Agafitei," ███████ and RAZVAN VICOL, also known as "Razvan Neagu," "Geoffrey Pasek" and "Ruben Robles de la Torre," together with others, during and in relation to the crime charged in Count Twelve, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers issued in the names of other persons whose identities are known to the Grand Jury, knowing that such means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Access Device Fraud)

14. On or about February 7, 2023, within the Eastern District of New York and elsewhere, the defendant IOAN-ANTON GHERASIM, also known as "Ryan Anthony," together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

8

## COUNT FIFTEEN
(Aggravated Identity Theft)

15. On or about February 7, 2023, within the Eastern District of New York and elsewhere, the defendant IOAN-ANTON GHERASIM, also known as "Ryan Anthony," together with others, during and in relation to the crime charged in Count Fourteen, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, to wit: credit cards, debit cards, account numbers and corresponding personal identification numbers issued in the names of other persons whose identities are known to the Grand Jury, knowing that such means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Commit Bank Fraud)

16. In or about and between July 2022 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELVIS DAN ATOMEI, DAN ADRIAN AGAFITEI, also known as "Federico Cousa," "Luciano Manzatti" and "Coval Tiago," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of such financial

institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNT SEVENTEEN
(Conspiracy to Commit Bank Fraud)

17. In or about September 2022, within the Eastern District of New York and elsewhere, the defendants BOBI BORCEA, also known as "Bobi Agafitei," ▓▓▓▓ ▓▓▓▓ and RAZVAN VICOL, also known as "Razvan Neagu," "Geoffrey Pasek" and "Ruben Robles de la Torre," together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of such financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH FOUR, SIX,
EIGHT THROUGH TEN, TWELVE AND FOURTEEN

18. The United States hereby gives notice to the defendants charged in Counts One through Four, Six, Eight through Ten, Twelve and Fourteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which

requires any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS SIXTEEN AND SEVENTEEN

20. The United States hereby gives notice to the defendants charged in Counts Sixteen and Seventeen that, upon their conviction of either such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*By CPohay, Assistant U.S. Attorney*

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R02187

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

IOAN-ANTON GHERASIM, et al.,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), 1028A(a)(1), 1028A(b),
1028A(c)(4), 1029(a)(1), 1029(a)(4), 1029(c)(1)(A)(i),
1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1349, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*Irisa Chen and Raffaela Belizaire,*
*Assistant U.S. Attorneys (718) 254-7000*